**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Murray Sanders,<br><br>           Plaintiff,<br><br>v.<br><br>MTC Financial Incorporated, et al.,<br><br>           Defendant. | No. CV-22-00066-TUC-SHR<br><br>**Order Re: Defendants' Motions to Dismiss** |

Pending before the Court are Defendants Rushmore Loan Services, LLC ("Rushmore") and MTC Financial Incorporated's ("MTC") Motions to Dismiss. (Docs. 15 & 17.) For the reasons set forth herein, the Motions to Dismiss are granted in part and denied in part.

**I. Background**

On February 11, 2022, Plaintiff Douglas Murray Sanders filed a pro se Complaint, naming "MTC Financial Inc. doing business as Trustee Corps fbo. (for the benefit of) Rushmore Loan Management Services, LLC" as the defendant. (Doc. 1.) On February 25, Rushmore filed a motion to dismiss arguing, among other things, it had been improperly named in Plaintiff's Complaint. (Doc. 7.) On March 3, MTC also filed a motion to dismiss. (Doc. 8.) Plaintiff did not respond to either motion and instead filed a "Motion for Judgment" on March 14. (Doc. 10.) For the reasons discussed in the Court's March 18 Order, the Court, on its own, dismissed Plaintiff's initial complaint for lack of subject matter jurisdiction. (Doc. 11.) In that same Order, the Court granted Plaintiff leave to

amend his Complaint to clarify how federal jurisdiction applies. (Doc. 11.) Plaintiff filed his First Amended Complaint ("FAC") on April 22, which greatly differed from his original Complaint. (*Compare* Doc. 1 *with* Doc. 14.) The crux of Plaintiff's FAC appears to be that the "International Bill of Exchange" he provided to his loan agency "is legal tender as a national bank note" and satisfies the outstanding amount of his home loan. (Doc. 14 at 4.) Defendants subsequently filed Motions to Dismiss the FAC,[1] which are now pending before the Court. (Docs. 15 & 17.) In response to Defendants' Motions to Dismiss, Plaintiff filed responsive pleadings (Docs. 20 & 22) and Defendants replied. (Docs. 21, 24, 25.) Plaintiff also filed other miscellaneous filings. (Docs. 26, 27, 28, 29.)

**II. Motion to Dismiss Standards**

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Rule 12(b)(1), party may move to dismiss a claim for relief by asserting "lack of subject-matter jurisdiction." Under Rule 12(b)(6), a party may move to dismiss a claim for relief by asserting "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint, however, must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly,* 550 U.S. at 555 (quoting 5 Fed. Prac. & Proc. Civ.

---

[1] The Court notified Plaintiff of his responsibility to respond to the Motions to Dismiss and comply with court orders, pursuant to *Stratton v. Buck*, 697 F.3d 1004 (9th Cir. 2012). (Docs. 16 & 19.)

§ 1216 (3d ed.)).

The Court will "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, the Court will not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see also Iqbal*, 556 U.S. at 679. In addition, a court "cannot assume any facts necessary to [a plaintiff's] . . . claim that they have not alleged." *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In cases involving pro se litigants, pro se complaints are to be construed liberally. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). However, a pro se litigant is not excused from "knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000). Moreover, conclusory and vague allegations will not support a cause of action. *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### III. Failure to Comply with Previous Court Order and Rule 8

Defendant MTC argues the FAC should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff failed to comply with this Court's March 18, 2022 Order requiring Plaintiff "to clarify how federal jurisdiction applies" if he filed an amended complaint. (Doc. 17 at 9.) Defendant Rushmore argues the FAC should be dismissed pursuant to Rule 41(b) because Plaintiff was instructed in the March 18 Order to comply with Local Rule of Civil Procedure 7.1 and Federal Rule of Civil Procedure 8, and he failed to do so when he filed a FAC that is "virtually impossible to decipher" because "Plaintiff simply 'cut and paste' several separate legal doctrines from unknown sources." (Doc. 15 at 2.)

In response, Plaintiff argues: "[w]hile there may not be a claim under a particular

cause of action, the Court has the authority to construe the claims of the Plaintiff pursuant to a viable cause of action based on the facts alleged in the pleadings." (Doc. 20 at 2.) Plaintiff apparently does not refute any of Defendants' arguments as to the lack of jurisdiction and insufficient pleading of Plaintiff's claims. (Docs. 20 & 22). Instead, Plaintiff cites to a plethora of legal doctrine—including the Uniform Commercial Code and various sections of the United States Code—which are wholly inapplicable and irrelevant to this case. (*See* Doc. 20.)

A district court may dismiss an action for failure to comply with previous court orders. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with [the rules of civil procedure] or a court order, a defendant may move to dismiss the action or any claim against it.").

As noted, on March 18, the Court granted Plaintiff leave to file an amended complaint, instructing him to comply with Rule 8 and warning him failure to comply with court rules may lead to a dismissal pursuant to Rule 41(b). (Doc. 11.) Plaintiff's 28-page FAC, however, still fails to comply with the Court's March 18 Order because it does not set out "a short and plain statement of the grounds for the court's jurisdiction" or "a short and plain statement of the claim." *See* Fed. R. Civ. P. 8(a)(1)-(2). The FAC is vague, difficult to discern, and contains citations to a litany of irrelevant legal and non-legal texts including: excerpts from the Uniform Commercial Code, congressional hearings, and various sections of the United States Code. (Doc. 14. 1-28.) As such, it is difficult to determine Plaintiff's claims and whether the amount in controversy here exceeds the requisite amount or involves a federal question. *See* 28 U.S.C. § 1332 (diversity jurisdiction requires Plaintiff to allege there is over $75,000 in dispute); 28 U.S.C. § 1331 (federal question requirements). Because Plaintiff has not complied with this Court's March 18 Order, this case may be dismissed pursuant to Rule 41(b). *See Ferdik*, 963 F.2d at 1260. Nevertheless, the Court will also address why Plaintiff's claims are meritless and fail to state a claim upon which relief may be granted.

. . . .

**IV. Failure to State a Claim Upon Which Relief Can be Granted**

Defendants argues Plaintiff's FAC should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 15 at 3-5; Doc. 17 at 4.) Specifically, Defendant MTC argues it is immune from suit under A.R.S. §§ 33-807(E), 33-811(C), and Plaintiff's "International Bill of Exchange" theory is frivolous. (Doc. 17 at 1-2.) Defendant Rushmore also argues Plaintiff's "International Bill of Exchange" theory is meritless. (Doc. 15 at 2-3.)

**1. A.R.S. § 33-807(E)**

Defendant MTC argues "a trustee named as a defendant in a lawsuit solely because of his role in a trustee's sale must be 'immediately dismissed' and shall recover costs and reasonable attorney fees for being improperly joined." (Doc. 17 at 5.)

Section 33-807(E) of the Arizona Revised Statutes provides:
> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the *trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee*. (emphasis added).

This Court has previously recognized three elements necessary for a trustee to establish its immunity from suit: (1) the trustee has been named as a defendant in the claim; (2) the claim relates to the authority of the trustee to act given to the trustee either by the trust deed or Arizona statutes regulating trust deeds; and (3) the claims do not allege the trustee breached its obligations arising under the deed of trust or the Arizona Revised Statutes. *See Puzz v. Chase Home Finance, LLC*, 763 F. Supp. 2d. 1116, 1125 (D. Ariz. 2011).

Here, elements (1) and (3) are satisfied as MTC, the trustee, is a named Defendant and because Plaintiff's claim does not allege a breach of obligation arising from the deed of trust or under the Arizona Revised Statutes. However, element (2) is not met because Defendant MTC admits, "Plaintiffs [c]laims asserted by his FAC do not relate to

1  [Defendant MTC's] authority to conduct the Foreclosure Sale under the Arizona
2  Foreclosure Statute or the subject deed of trust." (Doc. 17 at 5.) Here, to qualify for § 33-
3  807(E)'s protection, a trustee must show that "the complaint relates (at least in part) to the
4  authority of [MTC] to conduct a trustee's sale pursuant to the Deed of Trust." *Durham v.*
5  *MTC Fin. Inc.*, 2019 WL 266374 at *7 (D. Ariz. 2019). Therefore, Defendant MTC has
6  not shown § 33-807(E) would not absolve it from being a potential defendant to this suit
7  nor does the statute alone entitle it to reasonable attorney's fees and costs.

**2. A.R.S. § 33-811(C)**

Defendant MTC argues § 33-811(C) of the Arizona Revised Statutes prohibits Plaintiff from bringing a claim questioning the "finality and validity of a trustee's sale." (Doc. 17 at 8-9.) Specifically, MTC argues Plaintiff cannot bring suit challenging the foreclosure sale of his property because he failed to obtain the necessary injunction to preserve his § 33-811(C) claim. (*Id.*) Plaintiff asserts MTC's argument relies on "statutes, acts, ordinances, and codes, which are not laws." (Doc. 22 at 6.) Plaintiff further argues "Defendants have been making false claims, contrary to the record, contrary to the statu[t]es regarding real estate, foreclosures and Trustee sales and have denied Plaintiffs' due process." (*Id.* at 9.)

Section 33-811(C) of the Arizona Revised Statutes provides only one remedy to a party who desires to challenge the finality and validity of a trustee's sale: to effectively challenge a trustee's sale, the challenging party must obtain an injunction the day before the sale. A.R.S. § 33-811(C). Failure to obtain this injunction "shall waive all defenses and objections to the sale" of the property. *Id.*; *see also Zubia v. Shapiro*, 243 Ariz. 412, 414 (Ariz. 2018) (preventing plaintiff from seeking damages after failing to obtain an injunction prior to trustee's sale).

Here, Plaintiff admits he received the "Notice of Trustee Sale per Pima County Recorder's Office on November 12, 2021." (Doc. 20 at 9.) The first page of the Notice of Trustee's Sale specifically warned Plaintiff he must obtain an injunction "no later than 5:00 P.M. . . . on the last business day before the scheduled date of the sale, or [he] may have

waived any defenses or objections to the sale." (Doc. 17 at 18.) Plaintiff offers no evidence showing he obtained the necessary injunction to preserve his claim. Therefore, Plaintiff's claim challenging the sale of his property against MTC is barred as a matter of law. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted with respect to MTC. *See* Fed. R. Civ. P. 12(b)(6).

### 3. International Bill of Exchange

As noted earlier, Defendants both argue Plaintiffs International Bill of Exchange theory is meritless. (Doc. 15 at 2-4; Doc. 17 at 6-9.) Specifically, Defendant MTC argues Plaintiff's tender of the International Bill of Exchange is not a recognized means of payment, but rather a "recurring type of mortgage fraud asserted by self-declared *sovereign citizens*." (Doc. 17 at 6 (emphasis in original).) Defendant Rushmore argues the International Bill of exchange "is a fraudulent document conjured up by someone who according to public records may have engaged in a pattern and practice of recording unlawful documents." (Doc. 15 at 3.) Plaintiff does not meaningfully refute Defendants' arguments or address the questionable nature of the International Bill of Exchange; instead, Plaintiff merely cites to a wealth of legal doctrine irrelevant to this case. (Docs. 20 & 22.)

The International Bill of Exchange concept—which in this instance promises its recipient $571,207.17—has been at issue in various District Courts across the United States. The Southern District of Texas has explained the bill-of-exchange theory as a purported device directing the Secretary of Treasury to draw upon federal funds to pay off obligations to a lender. *Santarose v. Aurora Bank FSB*, 2010 WL 2232819, at *4 (S.D. Tex. 2010). Numerous other district courts throughout the country have rejected claims that these bills discharge contractual obligations. *See e.g., Hennis v. Trustmark Bank*, 2010 WL 1904860 *5 (S.D. Miss. 2010) ("from coast to coast, claims that debts have been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous"); *Mould v. Saxon Mortg. Servs., Inc.*, 2005 WL 1950268 (W.D. Wash. 2005) (dismissing case where plaintiff sought discharge of contractual obligation regarding home loan).

Here, the document at issue appears to be the same type of "bill" in question across the United States District Courts. That is, Plaintiff's "Bill" is nothing more than a document containing verbose legal language which, when read in its entirety, is clearly not legal tender nor a means to discharge Plaintiff from his responsibility to pay his home loan. *See McElroy v. Chase Manhattan Mortg. Corp*, 134 Cal. App. 4th 388, 393 (2005) (finding similar bill "is a worthless piece of paper, consisting of nothing more than a string of words that sound as though they belong in a legal document, but which, in reality, are incomprehensible, signifying nothing.") Therefore, Plaintiff failed to state a claim under Rule 12(b)(6).

**IV. Leave to Amend**

It is well established that "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Although Plaintiff was given the opportunity to address the deficiencies identified in the Complaint, those same deficiencies appear in the FAC and the FAC is actually more disorganized and difficult to discern. The Court finds that amendment would be futile because Plaintiff's "international bill of exchange" theory is meritless and the claim against MTC is barred as a matter of law.

Accordingly,

**IT IS ORDERED** Defendants' Motions to Dismiss (Docs. 15 & 17) are granted in part and denied in part.

**IT IS FURTHER ORDERED** dismissing with prejudice and without leave to amend Plaintiff's FAC. (Doc.14.)

**IT IS FURTHER ORDERED** Plaintiff's remaining pleadings (Docs. 23, 26, 27, 28, 29) are denied as moot.

Dated this 11th day of July, 2022.

Honorable Scott H. Rash
United States District Judge